## [No. 1901.]
## KLUG v. McPHEE.

1. APPELLATE PRACTICE—NONSUIT—IMMATERIAL ERRORS.

Where a plaintiff fails to prove, or to offer proof, of a necessary material fact to sustain his case and judgment of nonsuit is entered against him, no matter how many errors may have been committed against him on the trial, he cannot on appeal complain of such errors and have the judgment reversed therefor.

2. APPEAL BONDS—JUSTIFICATION—MEMORANDUM—PERJURY.

Where a surety on an appeal bond justified by making an affidavit that he was worth the sum mentioned in the undertaking over and above his just debts and liabilities in property not exempt from execution, and under the justification was a memorandum signed by him reciting a list of property which he owned, the memorandum is neither a part of the justification nor the affidavit, and if false would not subject the surety to a prosecution for perjury. And where such surety was prosecuted for perjury in making such justification, in an action by him for malicious prosecution, the truth or falsity of such memorandum is immaterial.

3. MALICIOUS PROSECUTION—PERJURY—EVIDENCE.

In an action for damage for malicious prosecution of plaintiff on a charge of perjury, to maintain his case plaintiff must show that defendant instituted and caused the prosecution. The fact that defendant's name is indorsed on the back of the indictment as the prosecuting witness is not proof that he instituted the prosecution.

*Appeal from the District Court of Arapahoe County.*

Mr. DANIEL SAYER, Mr. CLAY B. WHITFORD and Mr. H. A. LINDSLEY, for appellant.

Messrs. HARTZELL & STEELE, for appellee.

BISSELL, P. J.

The difficulty of this case and the consideration given to it cannot be measured by the brevity of this opinion. It is our inclination as it is probably the inclination of all courts to afford a party who has been subjected without cause to a

criminal prosecution an opportunity to recover damages for the wrong. I make this statement in the face of what I believe to be the law and the necessity which exists in all republican governments to afford the citizen a reasonable opportunity to bring to justice all offenders against the general law. Under our system it is the right of every good citizen to complain to the grand jury when he believes crime has been committed, and in doing this he must be measurably and reasonably protected against suits for malicious prosecution. Notwithstanding all this a very careful examination of this record does not enable us to reverse the judgment and afford the plaintiff a chance to properly try his case.

In 1896 there was a suit between McPhee and other parties in the district court which resulted in a judgment and the taking of an appeal to this tribunal. An undertaking was given for its prosecution. This was the origin of the difficulty. Klug the appellant was offered as a surety. He signed the undertaking and justified before the clerk, whereby he swore that he was worth the sum mentioned in the undertaking and above his just debts and liabilities in property not exempt from execution. Thereunder the justification there was a memorandum signed by him reciting that he owned 2,500 acres of land in Weld county, 500 without incumbrance, improved and of the value of $20,000; 500 head of horses, and 500 head of cattle. The prosecution against Klug was apparently based, although we are not fully advised about it by this record, upon the untruthfulness of this justification. In other words, the parties in whose favor the appeal bond ran, so he contends, investigated the matter and found the memorandum as they claimed to be untrue, and thereupon made a complaint before the grand jury against him and he was indicted for the crime of perjury. On the trial of that indictment he was immediately acquitted and thereupon brought this suit against McPhee for damages for what he alleged was a malicious prosecution.

There are a good many questions presented on this appeal which have basis and about which the trial court undoubtedly

committed errors as we look at the record. We do not however expect to go through the record and discuss them, nor pay any attention whatever to various points urged by counsel for appellant, because the whole matter is determined by another consideration which entirely disposes of the case and relieves us of the necessity to consider them. No matter how many errors may have been committed by the court in the progress of the trial, if the plaintiff failed to prove a fact fundamental and essential to the maintenance of his suit, he cannot have the case reversed because of them. There seems to have been a misconception respecting the memorandum signed by Klug underneath the justification. That memorandum was no part or parcel of the justification, and whether true or false did not render Klug liable either to a prosecution in a criminal proceeding or to a civil suit, unless on some basis of misrepresentation which is not exhibited. Under our statute parties have the right to appeal; the only limitation is that they must give an undertaking in double the amount of the judgment, with sureties to be approved by the clerk. The statute regulating appeals makes no provision for justification, but simply requires the clerk to satisfy himself as to the sufficiency of the bondsmen. There is, however, a general statute respecting undertakings requiring the person taking them to use diligence in ascertaining the responsibility of the sureties, and requiring him to cause the sureties to make an affidavit that he or they are worth the sum specified in the undertaking over and above their just debts and liabilities. The clerk complied with that statute and Klug signed the undertaking and made the proper affidavit. The memorandum below is simply a memorandum for the advice and advantage of the clerk, and to show that that officer had taken due precaution to make inquiries. If the memorandum itself is not a part of the justification, whether true or false, it would not subject the surety to any prosecution for perjury; neither is it a part of the affidavit, nor was it made as such. On the trial of the present suit there seems to have been an attempt

on the part of the court, as well as on the part of counsel
for the appellee to confine the proof to a support of this
memorandum and to an attempt to show its truthfulness.
In this respect both the court and counsel were in error be-
cause that was not the gravamen of the suit, nor did it make
any difference for the purposes of this action whether or not
Klug could uphold and show the absolute truthfulness of
that memorandum.   To maintain the present case all Klug
had to do was to show that his justification was true; that
he was worth $20,000 over and above all his just debts and
liabilities, and then show that the prosecution was without
probable cause with or without direct proof of malice as the
case might be, and that the prosecution was instigated by
McPhee without the justification which the law requires
him to show as a defense.   This erroneous theory regarding
the case occasioned as we have already suggested the com-
mission of a good many errors.   A good deal of proof was
rejected which ought to have been admitted, a good many
questions excluded which should have been answered, but
regardless of those matters the plaintiff failed to prove one
fundamental fact, and failing in this respect he cannot com-
plain because of these incidental errors nor ask the reversal
of the case.   It has been several times decided both by the
supreme court and this, that the plaintiff is bound to make
proof or offer proof of the fundamental facts essential to
maintain his cause of action, and failing in this he cannot
successfully assign error on some ruling of the court, exclud-
ing other proof which might, this being done, be rendered
admissible; in other words, having offered testimony which
the court has refused, he cannot rest on that proposition
though it shows error, and failing to make or offer the proof
necessary to the suit rest, have the judgment go against him
and then appeal.   The failure of the plaintiff's proof was
with respect to McPhee's connection with the prosecution.
The plaintiff did not show that McPhee instituted the prose-
cution, that he fathered it, that he caused it to be commenced,
or that without him the indictment would not have been

found.    It is quite true McPhee appeared on the back of the indictment as the prosecuting witness.    This, however, is no proof of his connection with it because that simply shows that he is the person whose rights have been perhaps affected, and perhaps the one who furnished the principal proof on which the prosecution rests.    It in no manner shows that he went before the grand jury voluntarily and gave the evidence and started the prosecution.    He may have been called there by subpœna issued by the prosecuting officer or by the grand jury itself, who may by some one else have been advised of the commission of the alleged crime.    It is quite true there is a statute which provides for the indorsement of the name of the prosecuting witness on an indictment for a crime committed against the property or person of an individual, and which under some circumstances will subject the prosecuting witness to the payment of costs.    This however is not that sort of a case.    This prosecution was not instituted because of injury to the personal property of McPhee, but it was instituted to punish a crime against the statutory law regarding perjury which is not a crime against the person or property to which the statute would be applicable.    This disposes of that contention and the effect of the indorsement, and as has been said by a writer on the subject there must be some evidence of the identity of the defendant and that he was a prosecutor in proceedings which are charged to be malicious.    Newell on Malicious Prosecution, chap. 13, § 3, p. 451.    It is quite evident this must be the law regardless of authority, and wherever one would seek to recover damages for malicious prosecution in a case where an indictment has been found and the accused tried and acquitted, he must produce evidence connecting the person charged with the institution of the proceedings.    It is very different in cases of an indictment against a person for the violation of a general law and the case of an indictment against the person for the commission of a crime against some individual, or for a wrong done against the property of some individual, and also in a case where the prosecution is initiated by a

complaint filed before a justice of the peace or some other peace officer, based on an affidavit signed by one who complains. At all events in the present suit we are unable, although we have read the abstract and supplemental abstract with great care, to find therein any evidence which is sufficient to so connect McPhee with the prosecution as under any circumstances or any condition of the proof to render him liable in damages for the wrong which was apparently done Klug.

This being true the judgment of nonsuit which was entered in the court below on this proof was manifestly right, and it must necessarily be affirmed.

*Affirmed.*